IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. JKB-08-0046 |
| TROY HENLEY, | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court are Defendant Troy Henley's motion to vacate conviction under 28 U.S.C. § 2255 (ECF No. 131), motion to lift stay (ECF No. 138), and motion for leave to file supplemental brief *pro se* to 28 U.S.C. § 2255 motion (ECF No. 140). No stay was ever entered in this case, so ECF No. 138 will be found moot. The *pro se* brief is accepted for the Court's consideration, so ECF No. 140 will be granted. The motion to vacate (ECF No. 131), as supplemented by Henley's *pro se* brief, is, however, without merit and will be denied. No hearing is necessary.

The motion to vacate and Henley's supplemental brief are both premised upon an incorrect assumption—that Henley's convictions were for Hobbs Act conspiracy, not Hobbs Act robbery, and that the two convictions for use of a gun in a crime of violence under 18 U.S.C. § 924(c) can only rest upon Hobbs Act conspiracy as a crime of violence. If that were true, then the gun-use convictions may not stand because Hobbs Act conspiracy is not a crime of violence under the "force" clause of § 924(c) pursuant to *United States v. Simms*, 914 F.3d 229, 232-34 (4th Cir. 2019), and the residual clause of § 924(c) has been held void for vagueness, *United States v. Davis*, — U.S. —, 139 S. Ct. 2319, 2336 (2019). But that is not the case.

Henley was tried on seven counts. The verdict sheet shows he was convicted of Hobbs Act conspiracy (Count One), Hobbs Act robbery as it related to WalMart (Count Two), possession and use of a firearm "in committing offense in Count One and/or Count Three [*sic*]" (Count Three), Hobbs Act robbery as it related to Check Point (Count Four), and possession and use of a firearm in committing the offense in Count Four (Count Five). (Verdict, Aug. 27, 2008, ECF No. 62.) Henley was acquitted of two other counts charging Hobbs Act robberies as they related to Wilkens Liquors and Dunbar Armored. (*Id.*) He was sentenced on Counts One, Two, and Four to concurrent sentences of 72 months, on Count Three to 84 months to be served consecutively to the 72-month sentences for Counts One, Two, and Four, and on Count Five to 300 months to be served consecutively to the sentence imposed on Count Three, for a total term of 456 months with credit from January 18, 2008. (Judgment, Nov. 14, 2008, ECF No. 74.)

On August 25, 2016, the Court granted Henley's motion to reduce sentence (ECF Nos. 133, 134), dismissed Count Three, and reduced Count Five to 138 months, for a total sentence of 210 months (Am. Judgment, Aug. 36, 2016, ECF No. 136). That left only one § 924(c) conviction (Count Five) in the case. Because the superseding indictment alleged the Count Five gun-use charge was based upon both Count One (Hobbs Act conspiracy) and Count Four (Hobbs Act robbery) (Superseding Ind., ECF No. 138-8), Henley contends "this Court must assume that the defendant was solely convicted of a § 924(c) count that was based on conspiracy to commit Hobbs Act robbery because the charging document does not exclude conspiracy as the basis for the § 924(c) conviction, and conspiracy is the most innocent conduct encompassed in [Count Five]." (Mot. Vacate 1, ECF No. 131.) That assumption would be logical if the verdict sheet did not contradict it. What the jury found Henley guilty of in Count Five was possession and use of a firearm in committing the offense in Count Four, *i.e.*, Hobbs Act robbery as it related to Check

2

Point; the verdict as to Count Five is clearly not premised upon Count One, Hobbs Act conspiracy. Thus, this is not a case in which the sentencing court cannot determine upon which of alternative elements, as alleged in the indictment, a defendant's conviction rests. *See Johnson v. United States*, 559 U.S. 133, 137 (2010). The verdict in Henley's case is unambiguous.

Understandably, Henley has relied upon the Judgment and the Amended Judgment, both of which erroneously indicate all of the convictions other than any under § 924(c) are "Hobbs Act Conspiracy" convictions. As a result, the Court will enter a second amended judgment that clarifies the convictions for Counts Two and Four are for Hobbs Act Robbery. The sentence, as previously amended, remains valid.

In accordance with the foregoing, it is hereby ORDERED:

1. The motion to lift stay (ECF No. 138) is MOOT.
2. The motion for leave to file a supplemental *pro se* brief (ECF No. 140) is GRANTED.
3. The motion to vacate the conviction (ECF No. 131), as supplemented by Henley's *pro se* brief, is DENIED.
4. By separate order, a second amended judgment will be entered.

DATED this 29 day of January, 2020.

BY THE COURT:

James K. Bredar
Chief Judge